UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW EDWYN BROWN,

    Petitioner,

v.                             CASE NO. 13-12642
                                  HONORABLE GEORGE CARAM STEEH

LINDA TRIBLEY,

    Respondent.
_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Matthew Edwyn Brown has filed a pro se habeas corpus petition challenging his plea-based convictions for child sexually abusive activity, criminal sexual conduct in the second degree, and surveilling an unclothed person. Petitioner's sole claim is that the state trial court abused its discretion when it denied his motion to withdraw his no-contest plea. Having reviewed the record, the Court concludes that the state trial court's ruling and the state appellate court's order affirming that decision were objectively reasonable. The habeas petition therefore must be denied.

**I. Background**

Petitioner was charged in Macomb County, Michigan with three counts of child sexually abusive activity, three counts of second-degree criminal sexual conduct, two counts of attempted criminal sexual conduct in the second degree, three counts of surveilling an unclothed person, three counts of installing a device for the purpose of eavesdropping or observing events, and three counts of using a computer to commit a

crime. The charges of surveilling an unclothed person were based on allegations that petitioner installed hidden video cameras in his home and recorded images of his stepchildren's genitalia, buttocks, and undergarments. The charges for child sexually abusive activity were based on similar acts involving petitioner's sixteen-year-old daughter. The criminal-sexual-conduct charges were based on allegations that petitioner fondled his daughter's breast and buttocks and attempted to touch her genital area.

On May 11, 2011, petitioner pleaded no contest to one count of child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), one count of criminal sexual conduct in the second degree, Mich. Comp. Laws § 750.520c(1)(b), and two counts of surveilling an unclothed person, Mich. Comp. Laws § 750.539j. In return for petitioner's no-contest plea, the prosecutor dismissed all the other charges and agreed to recommend a minimum sentence of no more than 45 months in prison.[1]

Before petitioner was sentenced, he moved to withdraw his plea on the grounds that he was innocent, that he did not understand the proceedings, and that his trial attorney pressured him into pleading no contest. At a hearing on the motion, the prosecutor stated that it was not a complicated case and that petitioner's claim of innocence lacked merit because his conduct was documented. According to the prosecutor, petitioner was observed on videotape installing his cameras, adjusting them so that they focused on the toilet in his bathroom, and doing other things that formed the basis of the charges against him. Petitioner apparently admitted to the police that he

---

[1] The sentencing guidelines were calculated at 45 to 75 months.

installed the cameras, but he claimed that he was attempting to prove his wife's infidelity.

The trial court denied petitioner's motion to withdraw his plea. The court stated in a written decision that petitioner's no-contest plea was not a product of fraud, duress, or coercion and that petitioner's claim of innocence was frivolous. On July 7, 2011, the trial court sentenced petitioner to concurrent terms of 45 months (three years, nine months) to twenty years in prison for child sexually abusive activity, 45 months to fifteen years in prison for criminal sexual conduct in the second degree, and eleven months in jail for surveilling an unclothed person.

On appeal from his convictions, petitioner argued that the trial court abused its discretion when it denied his motion to withdraw his no-contest plea and that the imposition of a fee of $130 for a crime victims' fund violated his constitutional protection against ex post facto laws. The Michigan Court of Appeals vacated the portion of the judgment of sentence that required petitioner to pay $130 to the crime victims' fund and remanded the case to the trial court for an amended judgment of sentence requiring petitioner to pay $60 to the fund. The Court of Appeals denied leave to appeal in all other respects "for lack of merit in the grounds presented." See People v. Brown, No. 308003 (Mich. Ct. App. Apr. 27, 2012). On September 24, 2012, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the trial court's ruling on petitioner's motion to withdraw his no-contest plea. See People v. Brown, 820 N.W.2d 805 (Mich. 2012) (table).

On June 17, 2013, petitioner filed his habeas corpus petition. Respondent Linda Tribley urges the Court to deny the petition on the grounds that petitioner's claim lacks

merit and is not cognizable on habeas review to the extent that it pertains to state-court law and procedure.

## II. Standard of Review

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." Harrington v. Richter, 562 U.S. 86, __, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, the Court may not grant a state prisoner's application for the writ of habeas corpus unless the state court's adjudication of the prisoner's claims on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam)." Renico v. Lett, 559 U.S. 766, 773 (2010). Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). To obtain habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

4

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

### III. Discussion

Petitioner alleges that the trial court abused its discretion when it denied his motion to withdraw his plea despite the fact that he asserted his innocence and alleged that defense counsel coerced his plea. Petitioner claims that his attorney told him he had to plead no contest and that, if he did not plead no contest, the attorney would make no effort to defend him and the trial judge would put him in prison for life.

**A. Clearly Established Federal Law**

A defendant has no absolute right to withdraw a guilty or no-contest plea. United States v. Martin, 668 F.3d 787, 794 (6th Cir. 2012); Shanks v. Wolfenbarger, 387 F. Supp.2d 740, 748 (E.D. Mich. 2005). Unless a plea violated a clearly-established constitutional right, the decision whether to allow a defendant to withdraw a no-contest plea is discretionary with the state trial court. Shanks, 387 F. Supp.2d at 748. But because "[a] guilty or no-contest plea involves a waiver of many substantial constitutional rights," Fautenberry v. Mitchell, 515 F.3d 614, 636 (6th Cir. 2008), it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970).

For a plea to be valid, the defendant must appreciate the consequences of his waiver of constitutional rights, waive his rights without being coerced to do so, and understand the rights that he is surrendering by pleading guilty. Ruelas v. Wolfenbarger, 580 F.3d 403, 408 (6th Cir. 2009). The defendant must be aware of the

maximum sentence that could be imposed and understand the essential elements of the offense to which he pleads guilty or no contest. Id. at 408-09.

An involuntary plea undoubtedly is "an impairment of a defendant's substantial rights." United States v. Martin, 668 F.3d at 792. Consequently, courts must consider all the relevant circumstances when determining whether a plea was voluntary. Brady v. United States, 397 U.S. at 749.

**B. Application**

Petitioner claims that his plea was involuntary because his attorney stated that he did not know how to handle the case and that he felt as though he were in a twilight zone. At the plea proceeding, however, petitioner informed the trial court that he had discussed his cases with his attorney and that he was satisfied with his attorney's advice and services. (Plea Tr., 8, May 11, 2011.) And at the subsequent hearing on the motion to withdraw the plea, defense counsel stated that he had been prepared for trial and that he had his exhibits and witnesses ready to go on the day of plea. (Hr'g Tr., 9-10, June 13, 2011).

Petitioner nevertheless maintains that his attorney coerced and frightened him into pleading no-contest by telling him that he had to accept the prosecutor's offer and that the trial judge would put him in prison for the rest of his life if he did not accept the plea offer. At the plea, however, the trial court informed petitioner of the maximum penalties for his crimes, the greatest of which was twenty years.[2] Petitioner claimed to understand the maximum sentences, and he assured the trial court that no one had

---

[2] Petitioner was thirty-nine years old at his plea. (Plea Tr., 6-7, May 11, 2011.)

tried to force him or pressure him to plead no contest. (Plea Tr., 9, 12, May 11, 2011.) Petitioner also stated that no one had promised him anything, other than what was already stated on the record, to induce his plea. (Id. at 12-13.) He acknowledged that he was pleading no contest freely and voluntarily and because it was his choice to plead no contest. (Id. at 13.) He also claimed to understand that, if the trial court accepted his plea, he was giving up any claims that his plea was the result of promises or threats or that it was not his choice to enter into the agreement. (Id. at 17.) These "[s]olemn declarations in open court carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977), particularly because both the prosecutor and defense counsel stated that they knew of no promises, threats, or inducements other than those stated on the record. (Plea Tr., 17-18, May 11, 2011.)

### III. Conclusion

The record indicates that petitioner's plea was voluntary and intelligent. He claimed to understand the plea agreement, the rights he was waiving, and the consequences of his plea, including the maximum sentences. Therefore, the state trial court's finding that petitioner's plea was not the result of duress or coercion, and the state appellate court's rejection of petitioner's claim for "lack of merit," were objectively reasonable decisions. The state courts' decisions were not contrary to Supreme Court precedent, nor an unreasonable application of Supreme Court precedent. The state courts' decisions also were not based on an unreasonable determination of the facts. They certainly were not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. at 786-87. Accordingly, the petition for

writ of habeas corpus is **DENIED**.

It is further ordered that a certificate of appealability is denied because petitioner has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Additionally, reasonable jurists would not disagree with this Court's resolution of petitioner's claims, nor conclude the issues deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Nevertheless, if petitioner chooses to appeal this decision, he may proceed in forma pauperis on appeal because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3).

Dated:  September 3, 2014

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 3, 2014, by electronic and/or ordinary mail and also on Matthew Brown #805227, Ojibway Correctional Facility, N5705 Ojibway Road, Marenisco, MI 49947.

s/Barbara Radke
Deputy Clerk